IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CT-3266-F

| | | |
|---|---|---|
| BOBBY R. KNOX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ARTHUR DAVIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On December 20, 2011, Bobby R. Knox ("Knox" or "plaintiff"), an inmate in the custody of the State of North Carolina proceeding *pro se*, filed this action under 42 U.S.C. § 1983 alleging that defendants deprived him of needed medical care in violation of his constitutional rights. Plaintiff has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 [D.E. # 3, 8]. Hence, the matter is presently before the court for screening pursuant to 28 U.S.C. § 1915(e)(2)(B) and for consideration of several additional motions filed by plaintiff, including a motion for temporary restraining order [D.E. # 13], a motion for appointment of counsel [D.E. # 10], a motion for leave to amend the complaint [D.E. # 14], and two miscellaneous motions, one to "Transfer Inmate Back to Marion Correctional Institution" [D.E. # 4] and one for "Legal Property to be Inventoried in Front of Inmate when Moving" [D.E. # 5].[1]

Section 1915 provides that courts shall review complaints in which the plaintiff seeks to

---

[1] Upon review, these two miscellaneous motions are frivolous because they appear unrelated to this litigation and ultimately seek the court's intrusion into matters of everyday prison administration that are entirely within the purview of state corrections officials whom are not even parties to this litigation. Accordingly, these motions are due to be denied.

proceed *in forma pauperis* and dismiss any case that is "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); see Neitzke v. Williams, 490 U.S. 319, 328 (1989). A case is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke, 490 U.S. at 325. Claims that are legally frivolous are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Claims that are factually frivolous lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325. The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not dispense with the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atlantic Com. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-52 (2009); Nemet Chevrolet Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255-56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

Plaintiff's complaint alleges that defendants have violated his constitutional rights by failing to treat and/or medicate him despite his contraction of the human immunodeficiency virus ("HIV"). He claims that he was falsely told for a number of years that his tests for the disease "were negative when in fact they are positive." Compl. 3. He asserts that for years he sought treatment for the condition by imploring medical staff at various facilities as well as writing numerous letters to "government officials in N.C. and other states . . . ." Id. Plaintiff claims that all of his efforts were

2

ignored and that, therefore, he has filed this action alleging "deprivation of medical treatment and medication as well as abuse of power to an ill patient." Id. at 4. Plaintiff does not provide the relevant dates for any of his alleged requests for specific treatment or medication or any of the defendants' alleged denials of such treatment. Likewise, while plaintiff purports to sue six different individuals, he only alleges a specific act by one of the defendants, Ms. Simmons, who is alleged to have told plaintiff that he was fine "and would live to be a (100) years old . . . ." Id.

It is well-established that "the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him . . . ." Francis, 588 F.3d at 192. Hence, Rule 8 of the Federal Rules of Civil Procedure requires that a complaint must include "a short and plaint statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). At its core, this requirement is the most natural embodiment of the "notice pleading" standard established by the Rules. Francis, 588 F.3d at 192. Rule 8 is not merely a toothless preference, guideline, or ideal; it establishes a fundamental requirement and is regularly enforced by courts. Failure to comply with Rule 8 is grounds for dismissal of the complaint. See, e.g., Sewraz v. Long, 407 F. App'x 718, 718-19 (4th Cir. 2011) (unpublished decision); North Carolina v. McGuirt, 114 F. App'x 555, 558 (4th Cir. 2004) (unpublished decision).

In failing to allege specific wrongful actions by the named defendants and the date of such actions, plaintiff has not alleged sufficient factual detail to enable the defendants to know how to defend themselves in this suit. Thus, the complaint is due to be dismissed for plaintiff's failure to comply with Rule 8 of the Federal Rules of Civil Procedure and failure to state a claim upon which relief could be granted. However, the court is mindful that outright dismissal of *pro se* complaints

3

is not favored where the defects in the complaint may be curable through amendment. <u>McLean v. United States</u>, 566 F.3d 391, 400 (4th Cir. 2009). Accordingly, the court will allow plaintiff the opportunity to amend his complaint to clarify the basis for his action and further particularize his allegations.

Plaintiff's motion for a temporary restraining order, filed on February 21, 2012, is in the form of a proposed order instructing the defendants to appear at a hearing unilaterally set by plaintiff in order to "show cause . . . why a preliminary injunction should not issue pursuant to Rule 65(a) . . . enjoining the defendants . . . from being deprived of medical care and deprivation of medication for virus (HIV) I have contracted." Mot. [D.E. # 13] at 1. The "motion" also enjoins defendants, "effective immediately," "from violating [Davis's] constitutional civil rights and deprivation of health care which will lead to serious injuries, harm or worser [sic] like death without medical treatment or assistance." <u>Id.</u> at 1-2. The motion expressly only seeks to enjoin the defendants plaintiff has sued in this action for their past conduct. According to the complaint, all of the defendants sued by plaintiff are located at either Warren Correctional Institution or Marion Correctional Institution. Plaintiff is now incarcerated at Alexander Correctional Institution. Plaintiff does not identify any individual responsible for his medical care at Alexander whom he seeks to have restrained or enjoined by operation of his motion for a temporary restraining order. Thus, plaintiff's request for a temporary restraining order as to defendants located at his prior custodial facilities has been mooted by his transfer to Alexander, and the motion is therefore due to be denied.

Plaintiff has also filed a motion for appointment of counsel. There is no constitutional right to counsel in civil cases, and a court should exercise its discretion to appoint counsel for pro se civil litigants "only in exceptional" circumstances. <u>Cook v. Bounds</u>, 518 F.2d 779, 780 (4th Cir. 1975);

4

see Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989). The existence of exceptional circumstances depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant. 739 F.2d at 163 (quotation omitted). The court finds that there are no exceptional circumstances warranting the appointment of counsel at this time. The issues raised by plaintiff are not unusually complex and plaintiff has demonstrated the ability to articulate the substance of his claims. Thus, the motion for appointment of counsel is due to be denied.

Finally, plaintiff has filed a motion to amend his complaint, in which he seeks to add an additional defendant, Dr. Paula Smith, in place of the "John Doe" defendant he claims to have named in his original complaint. Upon review, plaintiff's assertion that he included a "John Doe" defendant in his complaint appears erroneous. Nevertheless, for the reasons given above, the court is inclined to afford plaintiff the opportunity to amend his complaint. Accordingly, the motion for leave to amend is due to be granted. However, plaintiff is instructed that must file a single complaint which complies with the Federal Rules of Civil Procedure and includes all of his well-pleaded claims for relief against all defendants in order to properly amend his complaint. Plaintiff's amended complaint will necessarily supersede his previous complaint and any other document filed by him which purports to include the allegations constituting his claims for relief. See Young v. City of Mount Ranier, 238 F.3d 567, 572 (4th Cir. 2001). This requirement facilitates the court's discharge of its screening obligation pursuant to § 1915(e)(2)(B) and permits defendants to discern and respond to the allegations against them. The court will rely only upon plaintiff's amended complaint in conducting its mandated frivolity review under § 1915(e)(2)(B).

For all of the reasons given above, it is ORDERED as follows:

a. plaintiff's motion for temporary restraining order [D.E. # 13] is DENIED as moot;

b. plaintiff's motion for appointment of counsel [D.E. # 10] is DENIED;

c. plaintiff's "Request: for Motion or Order to be Move Back to Marion C.I." [D.E. # 4], to the extent it is intended as a motion before this court is DENIED;

d. plaintiff's "Request: for Motion or Legal Order be Drawn for Legal Material Property to be Inventory in Front of Inmate" [D.E. # 5], to the extent it is intended as a motion before this court, is DENIED;

e. plaintiff's motion for leave to amend his complaint [D.E. # 14] is GRANTED; and

f. plaintiff's amended complaint shall be filed within thirty days from the date of this order. If plaintiff fails to file his amended complaint as instructed in this order, this matter will be dismissed due to plaintiff's failure to prosecute and abandonment of claims.

SO ORDERED.

This the 11th day of June, 2012.

JAMES C. FOX
Senior United States District Judge