IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CT-3266-F

| BOBBY R. KNOX, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | ORDER |
|  | ) |  |
| ARTHUR DAVIS, *et al.*, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

On December 20, 2011, Bobby R. Knox ("Knox" or "plaintiff"), an inmate in the custody of the State of North Carolina proceeding *pro se*, filed this action under 42 U.S.C. § 1983 alleging that defendants deprived him of needed medical care in violation of his constitutional rights. Plaintiff has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 [D.E. # 3, 8]. On June 11, 2012, the court entered an order [D.E. # 15] on initial frivolity review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) which also addressed a number of motions plaintiff had filed up to that point. In pertinent part, the order noted several potentially dispositive defects with plaintiff's complaint, primarily that it failed to comply with the minimal pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. However, because plaintiff had also filed a motion to amend his complaint, rather than dismissing his action, the court ordered that plaintiff file an amended complaint. Order 5-6. The court explained that plaintiff "must file a single complaint which complies with the Federal Rules of Civil Procedure and includes all of his well-pleaded claims for relief against all defendants . . . ." Id. at 5. The court explained that this single document would necessarily supersede any previous complaint or document filed by plaintiff and would be the only

document subject to further screening by the court pursuant to § 1915(e)(2)(B) or service upon defendants. Id.

Plaintiff has failed to comply with the court's order. Plaintiff has continued to file lengthy items of correspondence with the court, some styled as "Motion Reconsideration," see Pl.'s Mots. [D.E. # 17, 18, 19], others appearing more as letters to the court [D.E. # 16, 20-23]. Upon review, these items of correspondence appear simply to be plaintiff's attempts to restate prior claims and alert the court to additional allegations against various parties and non-parties. Although it appears that plaintiff did attach to one of his "Motion Reconsideration" an amended complaint dated June 18, 2012, see Pl.'s Mot. [D.E. # 18-1], the proposed amended complaint is not on the form prescribed for use by *pro se* inmates in this District, and plaintiff has continued to file other documents with the court containing additional claims and allegations since filing this document. Plaintiff has also filed another motion to appoint counsel [D.E. # 24], despite the fact that the court has already denied one such motion from plaintiff. Finally, plaintiff has filed a document titled "Motions" which appears to request "a injunction and an restraining 'order' against the medical administration and Alexander C.I. as a whole for the tactics and deprivation of ('health care') . . . ." Pl.'s Mot. [D.E. # 27] 1.

The court must emphasize to plaintiff that his failure to reasonably comply with this court's order that he file a single, well-pleaded complaint warrants dismissal of this action. Plaintiff's repeated filing of lengthy items of vague and confusing correspondence and miscellaneous motions, rather than a single amended complaint, frustrates this court's ability to discharge its required screening function pursuant to § 1915(e)(2)(B) and precludes any defendant's ability to intelligently answer plaintiff's claims. In recognition of plaintiff's *pro se* status, and out of an abundance of

caution, the court will provide plaintiff with one final opportunity to file an amended complaint which complies with Rule 8 of the Federal Rules of Civil Procedure. Plaintiff must clearly state which of his constitutional rights have been violated, the specific actions of each defendant which resulted in these violations, the dates of such alleged actions, and the damages plaintiff has incurred due to the alleged violations. Again, plaintiff's amended complaint will supersede all previous documents he has filed with the court that purport to include allegations or descriptions of his claims. The amended complaint required by this order will be the only document considered by this court in discharging its required frivolity screening pursuant to § 1915(e)(2)(B), and will be the only document served on defendants should plaintiff's claims survive this court's screening. If plaintiff fails to file this amended complaint, or if plaintiff persists in filing extraneous motions and items of correspondence rather than complying with the court's orders, then the court will dismiss this action. All of plaintiff's pending motions will be denied pending his compliance with this order and the court's order of June 11, 2012.

Accordingly, it is ORDERED as follows:

a.  plaintiff's "Motion Reconsideration" [D.E. # 17, 18, & 19] are DENIED;

b.  for the reasons stated in this court's order [D.E. # 15] of June 11, 2012, plaintiff's renewed motion for appointment of counsel [D.E. # 24] is DENIED;

c.  plaintiff's request for an injunction or restraining order [D.E. # 25, 27] is DENIED; and

d.  plaintiff shall file an amended complaint which complies with Rule 8 of the Federal Rules of Civil Procedure and is consistent with this order and the court's order of June 11, 2012. The Clerk of Court shall provide plaintiff with a copy of the form

3

prescribed for use in this court for the filing of *pro se* prisoner complaints pursuant to 42 U.S.C. § 1983. Plaintiff may attach additional pages to the form complaint if necessary to fully describe his claims and comply with the court's order. Plaintiff's amended complaint shall be filed within thirty days from the date of this order. If plaintiff fails to file his amended complaint as instructed in this order, this matter will be dismissed due to plaintiff's failure to abide by the orders of the court. This is plaintiff's final opportunity to file his amended complaint.

SO ORDERED. This the 22nd day of October, 2012.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge

4