IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CT-3266-F

| | | |
|---|---|---|
| BOBBY R. KNOX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ARTHUR DAVIS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

On December 20, 2011, Bobby R. Knox ("Knox" or "plaintiff"), an inmate in the custody of the State of North Carolina proceeding *pro se*, filed this action under 42 U.S.C. § 1983 alleging that defendants deprived him of medical care in violation of his constitutional rights. Plaintiff requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 [D.E. # 3, 8]. On June 11, 2012, the court entered an order [D.E. # 15] on initial frivolity review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). In pertinent part, the order noted several potentially dispositive defects with plaintiff's complaint, primarily that it failed to comply with the minimal pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. However, because plaintiff had also filed a motion to amend his complaint, rather than dismissing his action, the court ordered that plaintiff file an amended complaint. 6/11/12 Order 5-6.

Plaintiff failed to reasonably comply with the court's order that he file an amended complaint. Instead, he continued to file lengthy items of correspondence with the court, some styled as "Motion Reconsideration," see Pl.'s Mots. [D.E. # 17, 18, 19], others appearing more as letters to the court [D.E. # 16, 20-23]. Upon reviewing these additional materials, the court entered an order [D.E. #

29] denying plaintiff's various motions for miscellaneous relief and providing him with one final opportunity to file an amended complaint. As the court explained,

> Plaintiff's repeated filing of lengthy items of vague and confusing correspondence and miscellaneous motions, rather than a single amended complaint, frustrates this court's ability to discharge its required screening function pursuant to § 1915(e)(2)(B) and precludes any defendant's ability to intelligently answer plaintiff's claims. In recognition of plaintiff's *pro se* status, and out of an abundance of caution, the court will provide plaintiff with one final opportunity to file an amended complaint which complies with Rule 8 of the Federal Rules of Civil Procedure. Plaintiff must clearly state which of his constitutional rights have been violated, the specific actions of each defendant which resulted in these violations, the dates of such alleged actions, and the damages plaintiff has incurred due to the alleged violations. Again, plaintiff's amended complaint will supersede all previous documents he has filed with the court that purport to include allegations or descriptions of his claims. The amended complaint required by this order will be the only document considered by this court in discharging its required frivolity screening pursuant to § 1915(e)(2)(B), and will be the only document served on defendants should plaintiff's claims survive this court's screening. If plaintiff fails to file this amended complaint, or if plaintiff persists in filing extraneous motions and items of correspondence rather than complying with the court's orders, then the court will dismiss this action.

10/22/12 Order [D.E. # 29] 2-3.

Since the court entered this order, plaintiff has persisted in filing additional miscellaneous motions and items of correspondence. However, plaintiff has also finally filed a single amended complaint [D.E. # 32] so that the court may discharge its obligation to conduct screening pursuant to § 1915(e)(2)(B). Pursuant to the terms of the court's prior order, the court will examine only this document in determining whether plaintiff has stated a claim for relief which survives frivolity review.

Section 1915 provides that courts shall review complaints in which the plaintiff seeks to proceed *in forma pauperis* and dismiss any case that is "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is

2

immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); see Neitzke v. Williams, 490 U.S. 319, 328 (1989). A case is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke, 490 U.S. at 325. Claims that are legally frivolous are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Claims that are factually frivolous lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325. The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not dispense with the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-52 (2009); Nemet Chevrolet Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255-56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

As best the court can tell, Plaintiff's amended complaint alleges that defendants have refused to provide him with treatment and medication for the human immunodeficiency ("HIV") virus, and possibly other sexually transmitted diseases ("STD"), which he believes he has contracted. The complaint vaguely alleges that plaintiff has repeatedly requested such treatment from different officials, administrators, and medical personnel at prisons in North Carolina over a period of several months. Amend. Compl. [D.E. # 32] 4. Although plaintiff asserts that he is "HIV+ from [his] child's mother[,]" he fails to allege even one instance in which he has tested positive for the disease or otherwise been diagnosed with it by a physician or other medical professional. Id. Indeed,

3

plaintiff concedes in the amended complaint that various defendants have administered HIV testing to plaintiff, and that such tests indicated that he did not have the disease. Id. at 3, 4. Plaintiff even admits that a "Nurse Ms. Johnson," who is not named as a defendant, "showed [him] the chart with the test." Id. at 4. Nevertheless, plaintiff dismisses these test results, alleging that defendants who told him he did not need HIV medication are "lying," and that the tests which showed he was not infected with HIV are "wrong." Id. at 3. He summarizes his complaint as follows:

> All these Defendants are who I came into contact and had or have some kind of oral conversation about being infected with the virus HIV+ and losing my little girl to the disease, all said I did not need treatment and the doctors denied my health care when brought to there [sic] attention.

Id. at 4. For relief, plaintiff seeks an injunction requiring "the facility where I am housed to treatment for the (HIV) virus (medication) and also for my pain and suffering and for mental as well as emotional distress over years and in monetary damages" in the amount of "$5,000.00 each for there [sic] actions involving the denial and deprivation." Id. at 6.

Plaintiff's claims fall under the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Plaintiff must plausibly allege a "deliberate indifference to [his] serious medical needs." Id. "[T]he need must be both apparent and serious, and the denial of attention must be both deliberate and without legitimate penological objective. . . . Deliberate indifference is a very high standard–a showing of mere negligence will not meet it." Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999). A "'serious . . . medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (quoting Henderson v. Sheahan, 196 F.3d 839, 846 (7th Cir. 1999)).

4

Pursuant to these standards, plaintiff has failed to state a claim for deliberate indifference to his serious medical needs. Plaintiff's complaint is clear: defendants tested plaintiff, perhaps multiple times, for the HIV virus and they believed, based on those test results, that he was not infected with the disease. Thus, plaintiff can show neither the "subjective" element of defendants' deliberate indifference by way of a culpable state of mind nor the "objective" element that he was deprived of needed care for a serious medical condition. See Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). Plaintiff cannot show that, subjectively, defendants were deliberately indifferent in simply denying him medical treatment for a disease which they had no compelling reason to believe actually afflicted him given the results of tests they administered. Plaintiff's protests that defendants "lied" or that the tests were "wrong" are, without more, simply insufficient to state a claim that defendants were deliberately indifferent. Likewise, plaintiff cannot show that, objectively, he was deprived of care for a serious medical need. There are no allegations in the complaint that plaintiff "has been diagnosed by a physician as mandating treatment" for HIV, or even that he has symptoms of the disease "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko, 535 F.3d at 241. Plaintiff may not substitute his irrational certainty that he is infected with the disease for plausible allegations that he is in fact infected, especially where the complaint makes clear that plaintiff has tested negatively for the disease. Plaintiff's refusal to accept the results of these tests does not render defendants deliberately indifferent and does not elevate what appears to be hypochondria into a serious medical need requiring unnecessary treatment.

The court has reviewed all of the various materials plaintiff has provided the court, and nothing therein could give defendants, or the court, reasonable cause to believe that plaintiff is infected with HIV despite tests to the contrary administered by defendants. At most, plaintiff has

5

Case 5:11-ct-03266-F Document 36 Filed 12/13/12 Page 5 of 6

only alleged that defendants differ with him on whether or not he is in need of treatment and medication for HIV. Because by the terms of the complaint defendants are medical professionals basing their judgment on tests they administered to plaintiff, he has not stated a claim for deliberate indifference to his serious medical needs. Accordingly, plaintiff's complaint, as amended, is due to be dismissed pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief could be granted.

For all of the reasons given above, it is ORDERED as follows:

a. plaintiff's amended complaint [D.E. # 32] is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) due to plaintiff's failure to state a claim upon which relief could be granted;

b. plaintiff's motion for a temporary restraining order [D.E. # 30] and motion for appointment of counsel [D.E. # 35] are DENIED as moot; and

c. the Clerk of Court is DIRECTED to close this case.

SO ORDERED. This the 13th day of December, 2012.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge

6